**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JOHNNY MCGUIRE**                                                                   **PLAINTIFF**

**V.**                                               **CAUSE NO. 3:18-CV-601-CWR-FKB**

**ALLSTATE PROPERTY AND CASUALTY**                     **DEFENDANT**
**INSURANCE COMPANY**

**ORDER**

Before the Court are Plaintiff Johnny McGuire's Motion for Summary Judgment [Docket No. 54] and Defendant Allstate Property and Casualty Insurance Company's Motion to Exclude the Testimony of Plaintiff's Retained Experts [Docket No. 48], Unopposed Motion for Leave to File Document Restricted [Docket No. 50], Motion for Partial Summary Judgment on Future Medical Expenses [Docket No. 51], and Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion for Summary Judgment [Docket No. 60]. The matters are ready for adjudication.

**I.**     **Background**

On June 11, 2015, McGuire was involved in an automobile collision with Danny McElroy in Richland, Mississippi. McElroy did not have automobile insurance. At the time of the collision, McGuire was insured by Allstate Property and Casualty Insurance Company ("Allstate") for uninsured motorist coverage, which provided uninsured motorist coverage of $250,000 on four vehicles. McGuire asserts that he is thus entitled to $1,000,000 in stacked motorist coverage.

On June 7, 2018, McGuire filed suit against McElroy and Allstate in the Circuit Court of Hinds County, Mississippi. Then, on August 30, 2018, Allstate removed the case to this Court. On August 30, 2018, Allstate filed a motion to sever and partially remand, claiming that McGuire brought "two sets of claims against two different parties: (1) a negligence claim against Danny

McElroy, the in-state tortfeasor, and (2) contract claims for uninsured motorist benefits against Allstate." Docket No. 3 at 1. McGuire filed a motion to remand on November 9, 2018. On July 8, 2019, this Court granted Allstate's motion to sever and partially remand and granted in part and denied in part McGuire's motion to remand. On the remanded negligence claims against McElroy, McGuire obtained a default judgment in the amount of $1,200,000.

On January 14, 2021, Allstate filed its Motion to Exclude Testimony of Plaintiff's Retained Experts, Unopposed Motion for Leave to File Document Restricted, and Motion for Partial Summary Judgment. The next day, McGuire filed his Motion for Summary Judgment. On February 8, 2021, Allstate filed its Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion for Summary Judgment.

**II.     Legal Standard**

   **A.     Summary Judgment**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a summary judgment motion is made and properly supported, the non-movant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted).

A genuine dispute is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if its resolution could affect the ultimate disposition of the case. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.,* 482 F.3d 408, 411 (5th Cir. 2007).

The Court views the evidence and draws reasonable inferences in the light most favorable to the non-movant. *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013). If after doing so, no evidence exists that allows reasonable inferences supporting the nonmoving party's position, then summary judgment must be granted. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987).

B.   **Motions to Exclude Expert Testimony**

The admissibility of expert testimony is governed by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and the post-Daubert amendments to Federal Rule of Evidence 702. *See Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir.2004). That Rule now states the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The purpose of Rule 702 is to guide the district court's gatekeeping function. *See Guy*, 394 F.3d at 325. Before allowing a witness to testify as an expert, a court "must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (quoting Fed. R. Evid. 702).

3

A court's gatekeeping function also involves ensuring that "the expert uses reliable methods to reach his opinions," and that those opinions are "relevant to the facts of the case." *Guy*, 394 F.3d at 325. "Reliability is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid. Relevance depends upon whether that reasoning or methodology properly can be applied to the facts in issue." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007) (quotation marks, citations, and brackets omitted); see *United States v. Fields*, 483 F.3d 313, 342 (5th Cir. 2007). The party offering the expert bears the burden of establishing reliability by a preponderance of the evidence. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).

In *Daubert*, the Supreme Court described several non-exclusive factors that trial judges should consider in gauging reliability, including (1) whether the proposed technique or theory can be or has been tested, (2) whether it has been subjected to peer review and publication, (3) whether its error rate is acceptable, (4) whether the theory is generally accepted in the scientific community, and (5) whether there are standards controlling the technique. *See Guy*, 394 F.3d at 325; *Knight*, 482 F.3d at 351. It later instructed that "the reliability analysis must remain flexible: not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy*, 394 F.3d at 325 (citation omitted); *see Hathaway v. Bazany,* 507 F.3d 312, 318 (5th Cir.2007).

The *Daubert* analysis applies to the process in which an expert reaches his conclusions, not to the merits of the conclusions themselves. *Guy*, 394 F.3d at 325. The merits remain subject to attack at trial under traditional principles of "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596. "[I]n determining the admissibility of expert testimony, the district court should approach its task with

4

proper deference to the jury's role as the arbiter of disputes between conflicting opinions." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., State of Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quotation marks and citation omitted).

## III.     Discussion

### A.     McGuire's Motion for Summary Judgment

It is clear that McElroy qualifies as an uninsured motorist under McGuire's policy and that McGuire was covered by the policy at the time of the collision. Summary judgment will therefore be granted as to the threshold issue of coverage.

The next issue to be decided regarding McGuire's Motion for Summary Judgment is whether Allstate is bound by the state court default judgment against McElroy. McGuire's insurance policy states:

> If at any time before **we** pay for the loss, an **insured person** institutes a suit against anyone believed responsible for the accident, **we** must be given a copy of the summons and complaint or other process. If a suit is brought without **our** written consent, **we** aren't bound by any resulting judgement.

Docket No. 57-1 at 35. McGuire contends that he complied with the requirement to give "a copy of the summons and complaint or other process" to Allstate. Regarding the consent requirement, McGuire argues that Allstate's Motion to Remand [Docket No. 1], Motion to Sever and Partially Remand [Docket No. 2], and Memorandum in Support of Motion to Remand and Partially Sever [Docket No. 3] "were its 'written consent' that it did not want to participate in the 'negligence claims' against Mr. McElroy." Docket No 55 at 5.

Whether the lack of written consent requires dismissal of Plaintiff's claims is a matter decided under Mississippi substantive law in this diversity action. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 91–92 (1938). In Mississippi, the trial court, not the jury, must determine the meaning and effect of an insurance contract if the contract is clear and unambiguous. *Jackson v. Daley*, 739

5

So. 2d 1031, 1041 (Miss. 1999) (citing *Overstreet v. Allstate Ins. Co.*, 474 So. 2d 572, 575 (Miss. 1985)). "[I]nsurance policies which are clear and unambiguous are to be enforced according to their terms as written," and "the plain terms of the insurance contract should be binding and controlling." *Sennett v. U.S. Fid. & Guar. Co.*, 757 So. 2d 206, 212 (Miss. 2000), *abrogated on other grounds by State v. Bayer Corp.*, 32 So. 3d 496 (Miss. 2010).

Both McGuire and Allstate point to *Buie v. Allstate Property and Casualty Insurance Company*, No. 3:18-CV-321-LG-RHW, 2019 WL 1371850 (S.D. Miss. Mar. 26, 2019), a case involving nearly identical facts. In that case, the plaintiff also argued that Allstate provided its written consent to the plaintiff's lawsuit against the uninsured motorist when Allstate removed the case and asked that the claims against the uninsured motorist be severed. *Id.* at 2.

Like in *Buie*, this Court will find that "the absence of written rejection does not equate to the presence of written consent." *Id.* Just as in *Buie*, McGuire "did not seek and obtain written consent to proceed. And the policy clearly requires written consent" before proceeding with a suit if Allstate is to be bound by that suit's judgment. *Id.*; *see also Spann v. Allstate Property and Cas. Ins. Co.*, No. 4:08-CV-95-DPJ-JCS, 2009 WL 3633879, at *3 (S.D. Miss. Oct. 28, 2009) ("Written consent was unambiguously required before suit was filed, and Plaintiff failed to comply.").

Thus, the Plaintiff's motion for summary judgment will be granted as to the issue of coverage but is denied with regards to Plaintiff seeking to bind Allstate to the state court default judgment.

    **B.**    **Motion for Leave to File Sur-Reply**

The Court did not rely on the proposed sur-reply in its analysis and thus the Motion for Leave to File Sur-Reply will be dismissed as moot.

C.  **Motion to Exclude the Testimony of Plaintiff's Retained Experts**

Allstate asserts that McGuire's expert Kathy Smith is not qualified to give the opinions she makes, which are unreliable and lack sufficient factual support. Additionally, Allstate argues that the opinions of McGuire's expert Dr. Gerald Lee are not based on sufficient facts or data. Finally, Allstate contends that Bell should not be permitted to testify about future medical procedures, future medical costs, or causation between future medical care and the accident.

1.  **Kathy Smith**

Kathy Smith is a rehabilitation counselor and life care planner. She earned a Bachelor of Arts in Psychology from Delta State University in 1996 and a Master of Science in Vocational Rehabilitation Counseling from Mississippi State University in 1999. She has been a Certified Rehabilitation Counselor since 2000 and a Certified Life Care Planner since 2007. Smith is a member of the International Academy of Life Care Planners and the International Association of Rehabilitation Professionals. From 2000 to 2011, Smith worked as a Life Care Planner and Vocational Counselor at Rehabilitation Incorporated, where part of her duties included "[l]ife care plans including evaluation of individuals, research and medical cost projections." Docket No. 61-1 at 2. Since 2011, Smith has owned and worked as a Life Care Planner and Vocational Consultant at Occupational Consulting, LLC, where she does "[l]ife care plans including evaluations of individuals with catastrophic and non-catastrophic injuries; research and medical cost projections." *Id.*

Smith reviewed McGuire's medical records, pleadings, depositions, and other pertinent materials. She is expected to testify consistent with her signed report and regarding the future cost of McGuire's medical care including the replacement of the spinal cord stimulator and ablations

7

and will quantify the cost of this future medical care. Smith opines that McGuire will have future medical costs of between $87,183.55 and $202, 540.86.

Smith states that she has reviewed relevant pleading, discovery responses, medical and pharmacy records and bills of Johnny McGuire, depositions taken in this matter, documents produced in discovery, and the documents listed in her report, which include documents from treating physicians and various medical institutions.

Allstate asserts that Smith should not be allowed to testify about the need for and cost of future ablation procedures or about the need for or the costs of future procedures to implant spinal cord stimulators. Allstate argues that Smith's opinions are not based on medical recommendations and thus concludes that Smith has made her own medical recommendations.

While the Court agrees that life care planners are not entitled to make medical recommendations, Smith clearly lists that she relied on documents, including medical records, from physicians and medical institutions to "develop an impression regarding the medical background of Mr. McGuire." Docket No. 61-2 at 1. Notably, Smith lists documents from the Comprehensive Pain Center of MS, where one of McGuire's treating physicians Dr. Leonel Vance works. Dr. Vance has also been designated to "testify regarding the reasonableness of treatment, medical bills, surgeries, permanent impairment, past, present, and future pain and suffering, past, present, and future medical treatment, and the cost of past, present, and future treatment of Johnny McGuire." Docket No. 37 at 5.

Allstate's arguments for exclusion of Smith's testimony go to the "weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *14.38 Acres of Land*, 80 F.3d at 1077. Thus, Allstate's motion as to Smith will be denied.

### 2. Dr. Gerald Lee

Dr. Gerald Lee is an economist. He is expected to testify regarding the present value of McGuire's future medical care.

Allstate's first issue with Dr. Lee's testimony is that his opinions rely on Smith's cost estimates, which Allstate believes should be excluded. Since this Court is admitting Smith's testimony, this argument will be set aside.

Allstate also challenges Dr. Lee's estimates, asserting that he only used the top of the range of costs that Smith estimates in his present-value calculation. McGuire points to the second page of Dr. Lee's report, which provides the present-value calculation of itemized components of McGuire's future medical needs. Allstate argues that the "components are improperly presented as components that must be added together." Docket No. 63 at 8.

Again, Allstate's arguments go to the weight of Lee's testimony, not the admissibility. Thus, Allstate's motion as to Dr. Lee will be denied.

### 3. Dr. Ralph Bell

Dr. Ralph Bell is a former emergency care and wound care physician that practices in Jackson, Mississippi, at the Mississippi Department of Rehabilitation Services. Bell has over 30 years of experience in emergency medicine, wound care, and disability determinations. McGuire expects to call Dr. Bell as a retained expert in emergency medicine, wound care, and disability.

Dr. Bell is expected to testify consistent with his signed report, *see* Docket No. 37-2, regarding McGuire's injuries, diagnoses, medical bills incurred to date, future medical treatment, and future medical costs. Dr. Bell's opinions are based on his education, training, and experience, as well as sources like McGuire's accident report, medical records, and medical bills; discovery materials; reports of other experts; and Smith's medical cost projection.

Allstate contends that Dr. Bell should not be permitted to testify about future medical procedures, future medical costs, or causation between future medical care and the accident *because Bell put the future medical costs in the facts section of his report and not the summary of opinions*. Further, Allstate construes Dr. Bell's references to Dr. Vance's opinions to be insufficient as Allstate contends they are not Dr. Bell's own opinion.

Bell's report includes opinions that Vance's treatment is reasonable and necessary. Allstate's arguments again go to the weight of Bell's opinions. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595. Thus, the motion as to Dr. Bell will be denied.

### D. Motion for Partial Summary Judgment on Future Medical Expenses

Allstate asserts that, assuming Allstate's motion to exclude Smith, Lee, and Bell's testimony is granted, that McGuire has no evidence to prove future medical expenses. Since this Court is denying Allstate's motion to exclude, that argument fails. The motion for partial summary judgment is denied.

### IV. Conclusion

McGuire's Motion for Summary Judgment is denied. Allstate's Motion to Exclude and Motion for Partial Summary Judgment, and Motion for Leave to File Surreply are denied. Allstate's Motion for Leave to File Document Subject to Restricted Access is granted.

**SO ORDERED**, this the 29thth day of July, 2021.

                                       s/ Carlton W. Reeves
                                       UNITED STATES DISTRICT JUDGE